UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60050 CR-ALTMAN/HUNT(s)

UNITED STATES OF AMERICA

v.

MELANIE HARRIS,

    Defendant.
_____/

### UNITED STATES' MOTION FOR STAY OF MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

    Pursuant to Rule 4(a)(2) of the Magistrate Judge Rules of the District Court for the Southern District of Florida, the United States, by and through the undersigned Assistant United States Attorneys, hereby files this Motion for Stay of Magistrate Judge's Order Setting Conditions of Release and Appearance Bond, stating as follows:

**Procedural History**

    On March 21, 2023, a federal grand jury returned a seven-count Superseding Indictment (DE 7) charging the defendant with: six counts of knowingly and intentionally transmitting communications in interstate commerce that contained threats to injure the person of another, with the intent to communicate a true threat and with knowledge the communications would be viewed as true threats, in violation of 18 U.S.C. § 875(c) (Counts 1-6); and, one count of making repeated phone calls and initiating communications in interstate commerce solely to harass Victim 1, who was the person routinely using the phone number that the defendant was calling, in violation of 47 U.S.C. § 223(a)(1)(E) (Count 7).

    On March 23, 2023, the defendant was arrested and made her initial appearance before

1

United States Magistrate Judge Sheri Pym in the Central District of California. The defendant waived her right to an identity hearing and was released on a $10,000 bond pending an appearance in this district. DE 13. The defendant then made her initial appearance in the Southern District of Florida before United States Magistrate Judge Panayotta Augustin-Birch via Zoom on April 21, 2023, where she was arraigned and allowed to remain at liberty in the Central District of California on a $50,000 personal surety bond. DE 21. Standard condition 5 of the defendant's bond in this district reads in relevant part that the defendant "[m]ust not violate any federal, state or local law while on release in this case." DE 24 at 1 ¶ 5.

**The Defendant's Alleged Bond Violation**

On June 9, 2023, while at liberty on this personal surety bond, the defendant was arrested by the Riverside Police Department for (1) misdemeanor domestic violence; (2) resisting, obstructing, or delaying arrest; and (3) assault on a police officer. Based on this arrest for violating California law, Probation Officer Nelson Valenzuela submitted a Petition for Action on Conditions of Pretrial Release ("Petition") seeking a warrant for the defendant's arrest and for her to be brought before this Court for a hearing to determine if her bond should be revoked. Officer Valenzuela's Petition included a "no bond" recommendation.

On June 30, 2023, this Court approved the Petition and issued an arrest warrant directing that she be brought before the Court to answer the Petition charging her with a bond violation, in violation of 18 U.S.C. § 3148. That arrest warrant included the following provision: "Bail fixed at: <u>No Bond.</u>" On July 20, 2023, the defendant was arrested on this Court's warrant at her home in Riverside, California, and once again was brought before United States Magistrate Judge Sheri Pym for her initial appearance on this Petition. At this

initial appearance, the government requested that the defendant be held without bond pending her appearance before this Court pursuant to the specific "No Bond" directive included as part of the arrest warrant. Despite this clear directive and the government's request in accord therewith, Judge Pym ordered the defendant to be released on the same bond set by Magistrate Judge Augustin-Birch, with an additional condition of no drug use and drug testing as directed by Pre-Trial Services. However, at the request of the government, Magistrate Judge Pym did enter a stay of her release until 3:00 PDT (6:00 EDT) on Friday, July 21, 2023 to allow the government to appeal in this Court. At that time the defendant will be released unless Magistrate Judge Pym has received an order staying or reversing the ruling she issued.[1]

The government is now in the process of ordering the transcript of the hearing on an expedited basis to provide it to this Court in support of our appeal of that Order. Once that transcript is received, the government will be able to promptly complete its substantive bond appeal motion. However, as briefly explained below, if the current bond is not stayed, the defendant is likely to be released before the appeal is filed and considered. The government believes that if that release occurs, the defendant will pose an increased danger to the community, including potentially the victims in this case, and there is a risk that she will not voluntarily travel across the country to appear in this district to face the possibility that this Court will revoke her bond for her new criminal conduct. This concern is heightened by the fact that she has already displayed a willful disregard of the Court's authority, violating the conditions of her bond by engaging in erratic, violent behavior that included resisting lawful authority and spewing ethnic slurs against the female police officer who took her into custody.

---

[1] Because the hearing before Magistrate Judge Pym concluded around 3:00 pm PDT (6:00 p.m. EDT) today no written order is yet available to the undersigned.

**Summary of Facts of the Superseding Indictment**

As previously explained, Counts 1 through 6 of the Superseding Indictment charge the defendant with making threatening communications during six separate calls to Victim 1. These threats were directed at Victim 1 and his stepdaughter Victim 3 through the defendant's use of Victim 3's first name in her calls and voicemails, as well as at Jews in general. Count 7 charges the defendant with making repeated phone calls and communications solely to harass Victim 1, including through fifty-four (54) separate calls (including voicemails left) to Victim 1 during the period of October 3, 2022 through January 3, 2023, that are specifically identified in Count 7.

The defendant's calls and voicemails were filled with virulent anti-Semitic content and gloating over the death of Jews who had been murdered, including vile comments about Anne Frank. Some of these voicemails and calls also included graphic and violent sexual references and/or racist slurs. Moreover, the true threatening nature of these calls and voicemails was enhanced by Victim 1's prominent role in the Jewish community in the area where he and Victim 3 lived at the time the defendant began her years-long campaign of harassment and threats.

**Legal Standard**

"A district court reviews de novo a magistrate judge's pre-trial release order." *United States v. Megahed,* 519 F. Supp. 2d. 1236, 1241 (M.D. Fla. 2007) (*citing United States v. Hurtado,* 779 F.2d 1467, 1481 (11th Cir. 1985). "Review by the district court contemplates an independent consideration of all facts properly before it." *Megahed,* 519 F. Supp. 2d. at 1241 (*quoting United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987). This Court has already conducted an initial analysis and determined that the arrest warrant should be issued with instructions that the defendant should not be released on bond. A stay of the bond set by Magistrate Judge Pym is necessary to respect this Court's initial determination, at least until

this matter can be brought before this Court for ultimate determination.

Moreover, to allow the government an opportunity to fully present the facts supporting this Court's No Bond determination and explaining why the defendant now is both a risk of flight and a danger to the community, and to then allow the defense to respond and the Court to address this issue, it is necessary that the defendant not have the opportunity to commit further violations presenting a danger to the community and that the defendant actually be present before this Court in the Southern District of Florida, and not refuse to make the trip from her home in Riverside, California or otherwise not appear as required. The defendant's erratic and violent behavior that led to her arrest by the Riverside Police Department raises serious concerns on both these fronts, and provides further support for the issuance of the stay requested herein.

**Position of Opposing Counsel**

The undersigned have spoken with the defendant's counsel, Assistant Federal Public Defender Andrew Jacobs, regarding this motion and he has indicated that he opposes the requested relief.

**Conclusion**

For all the above-stated reasons, the government respectfully requests that this Court enter an Order staying the bond Order issued by the Magistrate Judge in the Central District of California and directing that the defendant be held in custody through the resolution of the appeal of that bond by this Court.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/ *Edward N. Stamm*
Edward N. Stamm
Assistant United States Attorney
U.S. Attorney's Office – SDFL
FL Bar #373826
99 NE 4th Street, 8th Floor
Miami, Florida 33132
Tel: (305) 961-9164
Email: Edward.Stamm@usdoj.gov

By:  /s/ *Nardia Haye*
Nardia Haye
Assistant United States Attorney
U.S. Attorney's Office – SDFL
Court ID No. A5502738
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9326
Email: Nardia.Haye@usdoj.gov