**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-cr-60050-ALTMAN**

**UNITED STATES OF AMERICA,**

v.

**MELANIE HARRIS,**

    *Defendant.*

_____/

**ORDER**

    Late last night, the Government filed a Motion for Stay of the Magistrate Judge's Order Setting Conditions of Release and Appearance Bond [ECF No. 47]. In the Motion, the Government explained that a magistrate judge in the Central District of California had ignored our unambiguous instruction that the Defendant be held *without bond*. *Id.* at 2. We added that instruction to the arrest warrant *we had issued* for a reason: The Defendant—who is charged with threatening to kill and maim a family affected by a mass shooting at a synagogue in Pennsylvania—had been allowed to remain out on bond once before, when she was first arrested in our case. *See* Minute Order for Initial Appearance and Arraignment [ECF No. 21] at 1. That probably wasn't a bond we would have accepted in the circumstances, but no one appealed it, and we let it go. A few weeks after her release, however, the Defendant was arrested by police officers in Riverside, California, on charges of domestic violence, resisting arrest, and assault on a police officer. Motion at 2; *see* Petition for Action on Conditions of Pretrial Release [ECF No. 40]. On top of all this, the U.S. Probation Officer notified us that, because of her erratic and dangerous conduct and (perhaps) some psychotropic drug use, the Defendant had been institutionalized. *See* Violation Memorandum at 2. Hearing all this—and at the request of the

Probation Office—we issued an arrest warrant that, in no uncertain terms, made clear our view that the Defendant should (this time) be held with "no bond." Arrest Warrant [ECF No. 41] at 1.

But, when the Defendant appeared for a bond hearing in the Central District of California, the magistrate judge—seemingly ignoring *both* the facts and circumstances of this case *and* our unambiguous direction—gave the Defendant (essentially) the same bond she had already violated once before. Motion at 3. The Government understandably seeks to appeal that decision and has asked for time to file a brief. *Ibid.* The magistrate judge gave the Government about 24 hours. Finding that time to be entirely insufficient, the Government has asked us to stay the magistrate judge's bond determination until we resolve its forthcoming appeal. *Ibid.* And that sounds fair to us.

We, in short, agree with the Government that, if the Defendant is released, she "will pose an increased danger to the community, including potentially the victims in this case, and there is a risk that she will not voluntarily travel across the country to appear in this district." *Ibid.* That's particularly true now that she's facing "the possibility that this Court will revoke her bond for her new criminal conduct." *Ibid.* After careful review, therefore, we hereby **ORDER** and **ADJUDGE** as follows:

1. The Government's Motion [ECF No. 47] is **GRANTED**.
2. The Magistrate Judge's Order Setting Conditions of Release and Appearance Bond, entered in the Central District of California, is hereby **STAYED** pending our resolution of the Government's forthcoming bond appeal.
3. The Defendant shall remain in pre-trial detention until we resolve that appeal.
4. The Government shall **FILE** a copy of this Order on the docket in the Central

District of California by **July 21, 2023**.

**DONE and ORDERED** in the Southern District of Florida on July 21, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:	Edward Stamm, AUSA
	Nardia Haye, AUSA
	Andrew Jacobs, Assistant Federal Public Defender
	United States Marshal's Service