UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60050-CR-ALTMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELANIE HARRIS,

    Defendant.
_____/

**UNOPPOSED MOTION FOR COMPETENCY EVALUATION
PURSUANT TO 18 U.S.C. § 4241 AND
TO STAY ALL FURTHER PROCEEDINGS**

The undersigned Assistant Federal Public Defender, as counsel for Defendant, Melanie Harris, and pursuant to 18 U.S.C. § 4241(a) and (b), requests the Court to order an evaluation and conduct a hearing to determine the mental competency of Ms. Harris. Such an evaluation and hearing should determine whether she is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her and properly assist counsel in the preparation of the instant case. As grounds for this request, the undersigned states:

    1.    Ms. Harris is charged with unlawfully communicating threats to injure and making and communicating repeated harassing calls in violation of 18 U.S.C. § 875(c) and 47 U.S.C. § 223(a)(1)(E). [ECF No. 7].

    2.    Undersigned counsel was assigned this case on April 24, 2023. After speaking with colleagues in Miami and Riverside who had interacted with Ms.

Harris, undersigned counsel began searching for an expert psychiatrist in the Riverside area to evaluate the defendant.

3. Undersigned counsel spoke via telephone with Ms. Harris on May 2, 2023. That conversation confirmed many of the observations that colleagues had reported to undersigned counsel. Ms. Harris was unable to focus on the topics of conversation, would repeat herself, and was paranoid.

4. Ms. Harris has a history of erratic behavior that has appeared to worsen since a stroke in 2017 which required hospitalization for two weeks. Discovery provided by the Government indicates that Ms. Harris has suffered from delusions since at least 2019. Despite this history, it is unclear whether Ms. Harris, who is 58 years-old, has ever received treatment for a mental illness.

5. On May 5, 2023, the United States made their initial production of discovery materials. That production contained the vast majority of the alleged call recordings and voicemails at issue in this case. The tenor and syntax of those calls intensified undersigned counsel's efforts at finding an expert to evaluate Ms. Harris.

6. On May 10, 2023, undersigned counsel retained Dr. David S. Rad, an Associate Clinical Professor in the Department of Psychiatry and Biobehavioral Science at the David Geffen School of Medicine at UCLA. Dr. Rad has attempted to meet with and evaluate Ms. Harris on three separate occasions in May, June, and July, including a planned evaluation on July 20, 2023. Ms. Harris has been unable to attend any of the three evaluations.

7. On June 18, 2023, Ms. Harris was admitted to the emergency department at her local hospital for a suspected Xanax overdose. She was then held

in a psychiatric facility pursuant to California Welfare & Institutions Code Section 5250—California's version of the Baker Act—from June 19 to June 30.

8. On July 18, 2023, undersigned counsel spoke with Ms. Harris and she repeatedly expressed a desire for new counsel based on seemingly irrational reasons. Her paranoia remained evident, and undersigned counsel reminded her that she was scheduled to meet with Dr. Rad on July 20, 2023. Later that night Ms. Harris left a voicemail requesting to speak with a supervisor.

9. On July 19, 2023, undersigned counsel's supervisor spoke with Ms. Harris on the telephone. Ms. Harris's behavior during the call indicated that she did not fully understand the topic that was being discussed. Ms. Harris indicated that she would not be attending the July 20, 2023 evaluation with Dr. Rad and that she did not want to communicate further with undersigned counsel.

10. Since Ms. Harris's arrest on July 20, 2023, undersigned counsel has requested to speak with Ms. Harris but has been unable to. Ms. Harris cannot rationally consult with counsel if her mental illness prohibits her from meeting with her attorney or defense experts.

11. The primary concern of undersigned counsel is Ms. Harris's ability to consult with counsel, to do so rationally, and to meaningfully participate in her defense. Specifically, undersigned counsel is concerned whether the decision to proceed to trial or change her plea would be fully "knowing" and "voluntary" when it is unclear whether Ms. Harris understands the nature and consequences of that choice. Undersigned counsel believes that an expert must evaluate Ms. Harris and

provide the Court and the parties an opinion regarding her competency to proceed in this case.

12. Assistant United States Attorney Edward Stamm was contacted and has no objection to the requested competency evaluation and hearing, or to the request for a stay pending the Court's determination of Ms. Harris's competency to proceed.

## MEMORANDUM OF LAW

### Competency Evaluation and Hearing

Title 18 U.S.C. § 4241 states in pertinent part that the question of a defendant's competency can be raised at any time between commencement of prosecution and sentencing. The test for competency is whether a person has sufficient present ability to consult with her lawyer with a reasonable degree of rational understanding, and whether she has a rational as well as a factual understanding of the process against her. "A person is competent to stand trial when 'he has sufficient present ability to consult with his lawyer with a reasonable degree of *rational* understanding [ ] and ... a *rational* as well as factual understanding of the proceedings against him.'" *McManus v. Neal*, 779 F.3d 634, 656 (7th Cir. 2015) quoting *Dusky v. U.S.*, 362 U.S. 402, 80 S.Ct. 788 (1960) (emphasis added). The request for such an evaluation is considered non-adversarial in nature, and as such should only be denied if the Court determines the motion to be frivolous, not made in good faith, or devoid on its face of sufficient grounds to believe a defendant may actually be incompetent. When a motion is made in good faith, setting forth grounds that the defendant *may be* incompetent, the court is under a mandatory duty to grant the motion. *United States*

4

*v. McEachern*, 465 F.2d 833, 837 (5th Cir. 1972). The Court should not rule on the competency issue until the evaluation has taken place. *Caster v. United States*, 319 F.2d 850 (5th Cir. 1963); *United States v. Bradshaw*, 690 F.2d 704, 712 (9th Cir. 1982). Speedy trial is tolled during the period of time to determine the mental competency of the defendant. 18 U.S.C. § 3161(h)(1)(A).

Undersigned counsel additionally requests that the competency evaluation take place within the 30 day time period authorized by 18 U.S.C. § 4247(b).

**Stay Pending Competency Determination**

The Court has the discretionary authority to stay a case "pending before it by virtue of its inherent power to control the progress of the case so as to maintain the orderly processes of justice." *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The district court has broad discretion to stay proceeding as an incident to its power to control its own docket."); *cf. Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (recognizing district courts' discretionary authority to issue stays during competency proceedings).

Here, a stay is necessary during the pendency of the competency proceedings because several "critical stages" of Ms. Harris's litigation possibly lay ahead—trial, change of plea, bond revocation hearing, etc.—and she has the constitutional right to consult with counsel during those stages. *See, e.g.*, *Iowa v. Tovar*, 541 U.S. 77, 80 (2004) ("The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process."). That consultation, however, is meaningless if Ms. Harris cannot understand the substance of those

5

consultations such that she is "unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense." 18 U.S.C. § 4241(d).

For the foregoing reasons, it is requested that this Court (1) order a competency evaluation take place within 30 days of the Court's order; (2) stay all proceedings in this matter, including the Government's bond appeal and the revocation of bond hearing,[1] until after the competency evaluation is completed; and (3) hold a hearing to determine Ms. Harris's competency.

        Respectfully submitted,

        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER

BY:   *s/ Andrew S. Jacobs*
        Andrew S. Jacobs
        Assistant Federal Public Defender
        Florida Special Bar No. A5502687
        150 W. Flagler St., Ste. 1700
        Miami, FL 33130
        305-533-4201
        Andrew_Jacobs@fd.org

---

[1] The Court's July 21, 2023 Order stayed the magistrate judge's order releasing Ms. Harris "pending [the Court's] resolution of the Government's forthcoming bond appeal" and ordered that Ms. Harris remain in pre-trial detention until the Court resolves that appeal. [ECF No. 49.]

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on August 1, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Andrew S. Jacobs*
Andrew S. Jacobs