UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-60050-Cr-ALTMAN/HUNT(s)

UNITED STATES OF AMERICA

vs.

MELANIE HARRIS,

       Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida ("this Office") and the defendant, MELANIE HARRIS, ("defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count 4 of the Superseding Indictment, charging her with knowingly and intentionally transmitting a communication in interstate commerce that contained a true threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c). The government agrees to seek dismissal of the remaining counts of the Superseding Indictment after sentencing.

2. The defendant is aware that her sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that,

1

under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 5 years followed by a term of supervised release of up to 3 years, a fine of up to $250,000, and may order restitution. The Court also must impose a special assessment in the amount of $100, and the defendant agrees to pay the special assessment imposed at the time of sentencing.

4. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense,

2

pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  This Office however, will not be required to make this recommendation (or any agreed recommendation contained within this plea agreement) if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. This Office and the defendant agree that both parties retain their full rights to advocate regarding the applicable advisory Sentencing Guidelines, variances therefrom, the Title 18, United States Code, Section 3553(a) factors, and the ultimate sentence to be imposed.

7. The defendant is aware that the sentence has not yet been determined by the Court.  The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the

defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and this Office.

(remainder of page intentionally left blank)

8. The defendant also understands and acknowledges that the Court must order restitution for the full amount of the victim's losses pursuant to 18 U.S.C. Section 3663A.

9. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 3/4/24       By: _____
                        Edward N. Stamm
                        Assistant United States Attorney

Date: 3/4/24       By: _____
                        Nardia Haye
                        Assistant United States Attorney

Date: 3/4/24       By: _____
                        Andrew S. Jacobs
                        Assistant Federal Public Defender
                        Attorney for Defendant

Date: 3/4/24       By: _____
                        Melanie Harris
                        Defendant

5